# J. B. WHITE v. HIMMELBERGER-HARRISON LUMBER COMPANY, Appellant.

### Division Two, February 6, 1912.*

1. **TAX SUIT: Against Record Owner.** In the absence of actual knowledge of the real owner, a judgment in a suit for taxes against the record owner, with notice by publication to such record owner, is good against the holder of an unrecorded deed, and a sale under execution thereunder conveys the title as against the holder of such unrecorded deed.

2. ————: ————: **Where Name of Grantee Has Been Incorrectly Copied in Record.** And this rule applies where the name of the grantee in the deed has by mistake of the recorder been incorrectly recorded, so that the record owner appears to be other than the true owner. In such case, where the suit for taxes is brought against the record owner on notice by publication to such record owner, the purchaser at the tax sale is protected in his title. Where the statute (Sec. 2810, R. S. 1)09) says the filing of the deed for record imparts notice of its contents from and after the time of filing, it means that the deed itself imparts notice until copied into the record, and after it is so copied the record and the record only imparts notice. So that where the grantee was O. H. P. Williams and the recorder, in copying the deed, by mistake wrote the initials O. N. P., changing the middle initial from H to N, and the deed was returned to the grantee, and thereafter suit for delinquent taxes upon notice by publication to O. N. P. Williams was brought against O. N. P. Williams, the purchaser at the execution sale took the title as against O. H. P. Williams. [Following Vance v. Corrigan, 78 Mo. 94, and Terrell v. Andrew County, 44 Mo. l. c. 312, and refusing to adopt the limitations placed thereon by Troyer v. Wood, 96 Mo. 478.]

3. ————: ————: ————: **Estoppel.** The rule that "wherever one of two innocent parties must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it," applies, not to the grantor in a deed, to whom there is to be imputed no negligence in failing to see that the deed is properly recorded by the recorder, but to the grantee who files the deed for record and upon whom is the duty to see that it is susceptible of a fair copy. So that, by the rule of estoppel, where the grantee was O. H. P. Williams and the recorder made

*NOTE.—Decided May 23, 1911. Motion for rehearing filed. Motion overruled July 1, 1911. Motion to transfer to Court in Banc filed. Last motion overruled February 6, 1912.

the record read O. N. P. Williams, and the H in the initials in the original deed might easily be mistaken for an N, the grantee, or true owner, O. H. P. Williams, should suffer the loss, as against the purchaser under a judgment in a suit for taxes brought against O. N. P. Williams on notice by publication.

4. ———: ———: ———: Sufficiency of Notice by Publication: Immateriality of Middle Initial. The deed described the grantee as O. H. P. Williams, and the recorder, by mistake, made the record show O. N. P. Williams to be the grantee. *Held*, first, that, inasmuch as the owner, Williams, took the deed by his initials, the rule that a mistake in the middle initial is immaterial applies; and, second, that the published notice addressed to O. N. P. Williams, stating that suit had been filed to enforce the State's lien for delinquent taxes on land owned by O. N. P. Williams, such notice properly describing the land, was a sufficient notice to O. H. P. Williams of his identity with the defendant in the suit.

5. DEED: Record of Unrequired Matter as Notice. One who examines the records of deeds is not required, as a matter of law, to read what is not required to be recorded. The deed was drawn on a Pennsylvania form, and named O. H. P. Williams as grantee, and the recorder in recording the deed by mistake made the record read O. N. P. Williams as the grantee. In the left-hand corner of the deed, opposite the certificate of the notary, was a blank filled in and signed by the grantor, reciting that he had received from the grantee, O. H. P. Williams, the consideration. *Held*, that the record of this receipt did not put a purchaser at a tax sale in a suit brought upon notice by publication to O. N. P. Williams upon notice of the mistake in the name in the body of the deed as recorded, in the absence of actual knowledge on his part that the name had not been correctly copied or such knowledge as would put him on inquiry, since the receipt was no part of the deed and was not by law required to be recorded.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort*, Judge.

REVERSED.

*Oliver & Oliver, Ralph Wammack, C. D. Corum* and *Martin L. Clardy* for appellant.

(1) The tax collector in instituting suits for the enforcement of the lien for delinquent taxes, in the absence of notice to the contrary, may look to and rely

upon the record of deeds to see who the owner of the property is, and the purchaser under the judgment in such suits will be protected in his purchase against the holder of an unrecorded deed. Vance v. Corrigan, 78 Mo. 97; Hunt v. Sack, 79 Mo. 663; Payne v. Lott, 90 Mo. 680; Evans v. Robertson, 92 Mo. 200; Allen v. Ray, 96 Mo. 546; Nolan v. Taylor, 131 Mo. 227; Weir v. Lumber Co., 186 Mo. 395; Schnitger v. Rankin, 192 Mo. 42; Evarts v. Lumber Co., 193 Mo. 444; Wood v. Smith, 193 Mo. 484; Stuart v. Ramsey, 196 Mo. 414; McDermott v. Gray, 198 Mo. 286; Harrison v. Bowers, 200 Mo. 232; Land & Lumber Co. v. Bippus, 200 Mo. 688.   (2)  Proceedings to enforce tax liens, while they are not strictly *in rem,* are to be proceeded with as ordinary actions against real estate.  The court is only authorized to render special judgment against the land to enforce the lien of the State, and even though personal service be had on the owner  there can be no personal judgment.  The land stands for the taxes and the judgment is against the land, not against the owner.  The ownership of the land is but a mere incident of the prosecution of the action.  Gitchell v. Kreider, 84 Mo. 472; Milner v. Shipley, 94 Mo. 106; Stewart v. Allison, 150 Mo. 343.   (3)  The owner of land is presumed to know under what name he holds title of record.  The same record that notifies the collector who the owner of the land is, for the purpose of enforcing the State's lien for taxes, likewise notifies the owner how he holds title of record.  Bishop v. Schneider, 46 Mo. 477; Terrell v. Andrew Co., 44 Mo. 309; Hilton v. Smith, 134 Mo. 509; Schnitger v. Rankin, 192 Mo. 42.   (4)  This judgment places the burden and duty on the public to make inquiry *dehors* the record, and of acquiring actual knowledge from private sources of information, that each man's deed has been correctly recorded.  This duty under the law rests upon the recorder and the grantee in the deed or instrument recorded.  If the former fails to do his

duty he is liable on his bond, to the grantee in the deed, if the latter fails to do his duty, he ought to be made to submit to any loss, inconvenience or burden that may flow, from his neglect.  No purchaser can safely rely on judicial sales and. the public records of the State if this judgment of the trial court stands. R. S. 1899, secs. 923, 924, 9062, 9068, 9057, 9075; Ritchie v. Griffith, 12 L. R. A. 384.  (5)  Williams took this deed from Burns by initial letters.  The deed does not disclose what the initial letters represent.  The commonwealth or State could only know Williams's name by an examination of the land records when it sought to compel him to pay the taxes due the State.  R. S. 1899, sec. 923, 924.  When, therefore, he reads a published notice addressed to him by the same initials he has advised the public to be his initials, describing the land and informing him that the taxes thereon are delinquent, his identity is sufficiently indicated to require him to plead to the action, or be estopped to question the validity of a judgment thereon, when raised collaterally.  Elting v. Gould, 96 Mo. 535; Mosely v. Riley, 126 Mo. 129; Nolan v. Taylor, 131 Mo. 227; Hilton v. Smith, 134 Mo. 508; Turner v. Gregory, 151 Mo. 105; Vincent v. Means, 184 Mo. 344; Schnitger v. Rankin, 192 Mo. 43.  (6)  The middle letter is no part of the name.  Its absence or misrecital does not affect the question of identity one way or the other.  Orme v. Shephard, 7 Mo. 606; State v. Martin, 10 Mo. 391; Phillips v. Evans, 64 Mo. 23; Beckner v. McLain, 107 Mo. 288; Lucas v. Land Co., 186 Mo. 453; Howard v. Brown, 197 Mo. 46.

*Louis F. Dinning* and *Keaton & Keaton* for respondent.

(1)  Appellant's first point has no application whatever to the case.  All of his citations are applicable only to purchasers and owners of land who have put their deeds to record and afterwards sold them to

another purchaser who failed to put his deed to record; that is not this case. Troyer v. Wood, 96 Mo. 478; Chamberlain v. Blodgett, 96 Mo. 482; Williams v. Butterfield, 214 Mo. 414. While it is true no personal judgment can be rendered in a tax suit and that the suit is authorized against the record owner, yet the purchaser only gets the title of the party made defendant, and if he has no title, the purchaser gets none. Moore v. Woodruff, 146 Mo. 601; Land & Lumber Co. v. Tie Co., 87 Mo. 176; Harrison v. Bowers, 200 Mo. 219. It is not true that the owner of land is presumed to know of errors or mistakes or misprision of the recorder in recording his deeds, when the certificate of record shows it has been duly and correctly recorded. Sec. 924, R. S. 1899. When the grantee of a deed properly acknowledged files the same with the recorder for record and pays the fees therefor he has complied with the law and done all required of him to be done to protect a subsequent purchaser. 20 Am. & Eng. Ency. Law (2 Ed.), sec. 162; Webb on Record Title, sec. 16; Polk v. Cosgure, 4 Biss. (U. S.) 445; Fonche v. Swaim, 80 Ala. 153; Case v. Hargadine, 43 Ark. 144; Meherin v. Oaks, 67 Cal. 57; Lewis v. Hinman, 56 Conn. 55; Kizer v. Heuston, 138 Ill. 252; Chandler v. Scott, 127 Ind. 226; Lee v. Bermingham, 30 Kan. 312; Gillispie v. Rodgers, 146 Mass. 610; People v. Bristol, 35 Mich. 28; Mangold v. Barlow, 61 Miss. 593; Clader v. Thomas, 89 Pa. St. 343; Williams v. Butterfield, 214 Mo. 424. (2) For the sake of argument alone, we may admit that it was the duty of O. H. P. Williams, the grantee, to see that the recorder did his full duty, and recorded the deed correctly. That would avail this appellant nothing, for it is not an innocent purchaser. There is no pretense of claim on the part of the appellant or any one else in this record, that the recorder made but one mistake in recording this deed, and that was in the grantee's name in the granting

240 Sup.—2

clause thereof. The letter "H" was written an "N." This deed written on a Pennsylvania form, which has a receipt on the face of the deed and is a part thereof, not merely a receipt in the body of the deed, which is merely formal, and it says: "Received, the day and date of the above indenture, of the above named O. H. P. Williams the sum of fifty-seven hundred and sixty dollars, lawful money of the United States being the consideration money above mentioned, in full." In this receipt the name O. H. P. Williams is recorded correctly by the recorder. This receipt is written upon the face of said deed and above the acknowledgment thereof by the notary public. Anyone examining the title to the land in question and found the record to this deed with the above receipt written thereon would be furnished notice to put any reasonable persons on inquiry as to the correct status of this deed. For this receipt furnishes information to the inquirer that the grantee in said deed was O. H. P. Williams, and that he paid the consideration therefor in cash and the payment thereof was witnessed by the notary public, who took the acknowledgment to said deed, as part of one and the same instrument and contract, and shows beyond a doubt that O. H. P. Williams bought the land and paid for it, and is the person named in the granting clause of said deed. Williams v. Butterfield, 214 Mo. 412. (3) It is true Williams took his deed by the initials of his name, but when he is sued by his initals of his Christian name, he must be sued by his correct initials in the deed by which he took the land, not by what the recorder placed on the record, if sued by publication. Turner v. Gregory, 151 Mo. 105; Spore v. Land Co., 186 Mo. 659; Howard v. Brown, 197 Mo. 46; Vincent v. Means, 184 Mo. 344; Burkham v. Manewal, 195 Mo. 506; Parker v. Parker, 146 Mass. 321; State v. Higgins, 60 Minn. 1; Massillon Engine Co. v. Holdridge, 68 Minn. 394; Price v. State, 19 Ohio 424.

FERRISS, J.—Suit to quiet title. Williams Burns, the common source of title, on November 19, 1869, deeded the property in controversy to Oliver Hazard Perry Williams, giving the initials only of his first names, so that in the body of the deed the granting clause was to O. H. P. Williams. This deed was written upon a Pennsylvania form, the grantors living in Pittsburg, and upon this form, in the lower left-hand corner, opposite the certificate of the notary, is a blank which was filled in and signed by the grantor, Burns, reciting that he had received from the grantee, O. H. P. Williams, the consideration mentioned in the deed. The deed was filed by Williams with the recorder on May 7, 1870. In due time he received back the deed from the recorder, with the usual certificate stating that the deed had been duly recorded in Book M, giving the pages. This deed was copied by the recorder into the records, but in place of the initials O. H. P. in the body of the deed, the recorder by mistake wrote the initials O. N. P., changing the middle initial from H. to N. The recorder also copied the receipt above mentioned, which was included in the form of the deed, and in copying that receipt he correctly copied the initials as O. H. P. The property becoming delinquent for taxes, the collector of the county brought suit against the record owner, O. N. P. Williams, and service was had by publication by such initials. The suit resulted in a judgment against O. N. P. Williams, sale under the execution and purchase at such sale by defendant's grantor, who received the sheriff's deed dated March 8, 1881, and who had no notice of the mistake in the record. Subsequently, and before the institution of this suit, the heirs of O. H. P. Williams conveyed the property to plaintiff, who filed this suit. Judgment was rendered for the plaintiff, the court rejecting the sheriff's deed and the subsequent deeds to the defendant on the ground that the judgment against O. N. P. Williams

was void as against the heirs and grantees of the true owner, O. H. P. Williams. Defendant also pleaded title by adverse possession. The defendant's offer of proof under the defense of adverse possession was objected to as being insufficient, and the objection was sustained by the court.

Urging the reversal of this judgment, the defendant asserts (1) that the sheriff's deed to its grantor conveyed a good title, because the judgment in the suit for taxes was against the record owner, O. N. P. Williams, and was binding on the true owner notwithstanding the mistake made by the recorder; (2) that the mistake in the middle initial was unimportant, and the judgment upon notice by publication against O. N. P. Williams was good as against O. H. P. Williams; (3) that the offer of proof to sustain title by adverse possession should have been admitted by the court.

On the other hand, plaintiff contends that the mistake in the middle initial was fatal; also that the record was not controlling as against the true owner because of the mistake made by the recorder in changing the letter H to N. Plaintiff also contends that as the record showed the initials to be O. H. P. in the receipt attached to the deed and copied correctly into the record, the subsequent purchaser was put upon notice of the mistake in copying the initials in the body of the deed into the record.

In addition to the above, it may be necessary to advert to other facts in the course of the opinion.

I. (a) Numerous decisions of this court hold that a judgment in a suit for taxes against the record owner, with notice by publication to such record owner, is good against the holder of an unrecorded deed. The leading case is Vance v. Corrigan, 78 Mo. 94, in which this court said: "We are of opinion that the provision of the charter requiring the suit to be brought against the owner of the land, does not mean that it must, in

order to render the judgment valid, be brought against the real owner, although holding by an unrecorded conveyance, but it means that suit must be brought against the person appearing by the registry of deeds to be the owner, in the absence of notice to the contrary. The proceeding is really against the land, although a personal defendant is necessary to the validity of the proceeding, but no personal judgment can be rendered in the suit, and it is sufficient to proceed against the record title when the true owner is unknown. We are also of opinion that a purchaser at a regular execution sale under a judgment duly rendered in such suit, will acquire the same rights which he would acquire by purchase from the execution defendant. If Corrigan had notice of the Vance title, the burden was on plaintiffs to show it.''

The foregoing decision is cited with approval in many subsequent cases, down to and including Land and Lumber Company v. Bippus, 200 Mo. 688, where Fox, J., speaking for the court says: ''It is no longer an open question in this State that the officers in suits wherein it is sought to enforce the lien of the State for taxes, in the absence of notice to the contrary, may look to the record of deeds to see who the owner of the property is, and a purchaser under the judgment in such suits against the record owner, in the absence of notice that such person against whom the suit was brought was not the true owner, would be protected in his purchase against the holder of an unrecorded deed from such apparent record owner.''

The doctrine of these cases agrees with the common understanding of the people, and has become a fixed rule of property.

We are now called upon to decide whether this rule applies where the name of the grantee in the deed has been by mistake of the officer incorrectly recorded, so that the record owner appears to be other than the true owner. In such case is the purchaser at the

tax sale protected in his title, the suit being against the record owner on notice by publication to such record owner? It is claimed by the defendant that if we would protect the integrity of our registry system we must answer this question in the affirmative. The defendant contends that the recorder acts as the agent of the person who files his deed for record. The plaintiff claims that when the holder of the deed files the instrument with the recorder and pays the filing fee, his duty is done, and he is under no obligation to see that the recorder performs his duty, and that a failure by the recorder to perform his duty will not endanger his title.

With reference to the filing and recording of deeds and other instruments in writing, section 2810, Revised Statutes 1909, provides as follows:

"Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice."

This section does no more than say that notice is imparted by the record back to the date of filing; so that during the interval between the filing and the copying into the record the deed itself will impart notice. After the deed has been copied into the record subsequent purchasers must look to the record alone, the deed itself having been returned presumably to the owner. If the officer should return the deed to the owner, certifying that it has been recorded, but should fail to make any record thereof, it could hardly be claimed that a subsequent purchaser would be bound to take notice of the filing of the deed and of its contents.

It is claimed in effect by plaintiff that the filing of the deed imparts to subsequent purchasers notice of its contents, even if it be incorrectly recorded, and

that the subsequent purchaser is bound to take notice of the contents of the instrument notwithstanding the imperfect record. On this point WAGNER, J., in Terrell v. Andrew County, 44 Mo. l. c. 312, says: "The statute says that when the deed is certified and recorded it shall impart notice of the contents from the time of filing. Certainly; but this is to be understood in the sense that the deed is rightly recorded, and the contents correctly spread upon the record. It never was intended to impose upon the purchaser the burden of entering into a long and laborious search to find out whether the recorder had faithfully performed his duty. The obligation of giving the notice rests upon the party holding the title. If he fails in his duty, he must suffer the consequences. If his duty is but imperfectly performed, he cannot claim all the advantages and lay the fault at the door of an innocent purchaser." In the above case Andrew county loaned four hundred dollars to one Holt and took from him a mortgage for that amount and filed the same for record. By mistake of the recorder the record recital of the amount was two hundred dollars. The court held that as against a subsequent incumbrancer the county could claim only two hundred dollars, the amount shown by the record. The court says: "The county deposited the deed with the recorder, and paid him for recording it. Through his negligence and inattention he did his work inaccurately, so that it imparted notice for only half the consideration, and the county suffered loss and injury in consequence thereof. The privity springs and exists between the county and the recorder, and the county is the proper party to proceed against him to recover the loss." In this case Judge WAGNER clearly sustains the doctrine for which defendant contends.

In Troyer v. Wood, 96 Mo. 478, a deed to Daniel Troyer was recorded in the name of Daniel Tragar, and tax proceedings were had in such record name,

with service by notice of publication, upon which there was a judgment and sale. The circuit court held the tax proceedings void upon the ground that the affidavit of non-residence was defective. Apparently no point was made either in the circuit court or in this court on the change of name. SHERWOOD, J., however, speaking for the court, ignored the question of the sufficiency of the affidavit, which was the question passed upon by the court below, and held the proceeding void as against the heirs of Troyer, on the ground that Troyer was not a party thereto, nor in privity with the record owner, Tragar. The decision refers to Terrell v. Andrew County, supra, and concedes the doctrine therein laid down, but holds that the notice of publication should be directed either to the true owner or to one in privity with the true owner. The limitations placed by this decision upon the doctrine so frequently announced by this court, that the subsequent purchaser may rely upon the record, cannot now be recognized.

The case of Williams v. Butterfield, 214 Mo. 412, also relied upon by plaintiff, is a case of spoliation of the record and not in point here.

In Whinnery v. Lumber & Mining Co., 231 Mo. 262, the doctrine of the Troyer case was not controverted by the parties, who stood upon the proposition that in point of fact there had been no mistake in copying the deed into the record, and the court found the facts to be as claimed in this respect. The court was not called upon to pass upon the effect of a mistake in the record, nor upon the proposition involved in the Troyer case.

We think that the case of Terrell v. Andrew County and the case of Vance v. Corrigan, taken together, correctly expound the law, and that the doctrine of these cases has never been overturned by any later decision of this court.

The authorities in other jurisdictions are in conflict on this question, but the cases holding to the con-

trary of the conclusion reached by us are based large-
ly upon the statutory provision to the effect that the
deed shall from the time of its filing impart notice of
its contents. On this point, we approve the doctrine
announced by WAGNER, J., in Terrell v. Andrew Coun-
ty, as quoted above, and which, so far as we are ad-
vised, has not since been criticised by this court.
Obviously one cannot be required to learn from the
record facts which are not in the record. When the
statute says that the filing of the deed for record im-
parts notice of its contents from and after the time
of filing, it must mean that the deed itself imparts no-
tice until copied into the record, and that after it is
so copied, the record and the record only imparts no-
tice. In this we think we are in line with the greater
weight of authority. [See Ritchie v. Griffiths, 1 Wash.
429, and note thereto in 12 L. R. A. 384.]

(b). The doctrine of estoppel may also be invoked
by the defendant. The rule respecting two innocent
parties is thus expressed in 16 Cyc., p. 773: "Wher-
ever one of two innocent persons must suffer by the
acts of a third, he who has enabled such third person
to occasion the loss must sustain it." This rule in its
practical application usually, if not always, involves
something of negligence or remissness on the part of
the one who enables the third person to commit the
wrong. It may be justly argued that there is not the
slightest negligence on the part of the owner in failing
to see that a deed is not properly copied into the record
by the official designated by law for that purpose. On
the other hand, it must be conceded that one who files
a deed for record is responsible for its contents and
condition when it leaves his hands, and that the duty
is upon him to see that the instrument is susceptible of
a fair copy. In this case the original deed to O. H. P.
Williams was submitted for our inspection. It was
argued on behalf of the defendant that the middle
initial therein shown is the letter N, and not H. The

appearance of the initial in the body of the deed so strongly resembles an N that it could easily pass for that letter; and the writer does not hesitate to say that until he compared the initial with the letter N in the words "November" and "Number", in the same page, he agreed with defendant's contention. The writer of this deed evidently wrote the letter H in a form not now in frequent use. The letter used by him lacks the lower left-hand loop which was so familiar in copy books, and, as written, the letter could easily be taken for an N. The subsequent mistake by the recorder was due to the act of Williams in filing a deed with the said initial so written that such mistake could easily happen. Doubtless the recorder should, if in doubt as to the identity of a letter, make careful comparison with other parts of the deed. In this case, however, the recorder made a mistake which he probably would not have made had the grantee seen to it, as he should have done, that his name was so clearly written that no mistake by the copyist was likely to occur.

We hold, upon both grounds above stated, that the sheriff's deed conveyed a good title to the purchaser at the tax sale.

II. In discussing the question whether suit with notice by publication against O. N. P. Williams will bind the owner, O. H. P. Williams, it will be proper to first notice some propositions which have been established by the decisions of this court:

(a) Where there are two given names in the record, service by the middle name alone by publication is bad. [Corrigan v. Schmidt, 126 Mo. 304; Turner v. Gregory, 151 Mo. 100.]

(b) When the first name is correctly given in the suit and notice of publication, an omission of or mistake in the middle initial is unimportant. [Howard v. Brown, 197 Mo. l. c. 46, and cases cited; Nolan v. Taylor, 131 Mo. 229.]

(c) Suit and substituted service by the initials only of the first names, where the full first name appears in the record, is not good. [Shuck v. Moore, 232 Mo. 649, where the cases are cited by LAMM, J.] .

(d) Where the record title shows the initials only of the given name, suit and notice by publication by such initials will bind the record owner, on the theory of estoppel. [Elting v. Gould, 96 Mo. 535; Ohlmann v. Sawmill Co., 222 Mo. l. c. 66.]

In the case at bar we have a new question, viz.: When the grantee takes a deed by his initials, three in number, will a suit by substituted service against him be good, when a mistake is made in the middle initial? As applied to this case, the question is, will a judgment upon substituted service for taxes against O. N. P. Williams, be good against O. H. P. Williams, who is the true owner?

No man can be deprived of his property by suit without due notice. In regarding notice by publication as effective against the owner of the property, we must indulge the presumption that he sees such notice. We have then this situation: O. H. P. Williams, residing outside the State, sees a notice that suit has been brought against O. N. P. Williams for delinquent taxes, which he knows are delinquent, and upon property described in the notice which he knows belongs to him. He cannot object that the notice names him by his initials, as he took the deed by his initials and, under the doctrine above stated, he is estopped. Had the notice read "Oliver N. P. Williams," clearly he could not object under another doctrine above set out. Can he object because in place of "Oliver," his first name, his first name is given as "O"? In other words, is the initial "O" to be regarded as a name? Ordinarily, for purposes of notice by publication, as we have shown above, initial letters are not regarded as the equivalents for the names for which they stand. But if the owner of the name sees fit to adopt the initials as and

for the names for which they stand, and is held bound by them to the same extent as if the names themselves were inserted in the deed, why should not the same reasoning apply to each initial letter? If it does, then the owner, Williams, has adopted the letter "O" as his first name, and he must be held to the rules that apply when the full Christian name is used. In such case the rule is that a mistake in the middle initial is not important. In this case there are three initials, the first and third of which are correct. It is urged by the plaintiff that the doctrine of immateriality of the middle initial does not apply where the owner's name is set out by initials, even though he took the deed by his initials. No case is cited to support this proposition. The cases cited from other States are not in point. Massachusetts repudiates the Missouri doctrine, and holds that a mistake in the middle initial is fatal. In State v. Higgins, 60 Minn. 1, cited by plaintiff, a divided court held that under a charge of forgery the changing of the name "Marion F. Higgins" to "Marion J. Higgins" was material when it was a question of identity between two people. In Engine & Thresher Co. v. Holdridge, 68 Minn. 394, the court held that where "C. S. Holdridge" was sued on a contract, it was not competent to introduce as his a contract signed by "S. Holdridge" *without proof of identity.* The same principle controlled the decision in Price v. State, 19 Ohio (Griswold) 424.

The decisions of this court, cited by plaintiff, throw no light upon this immediate question. They simply support the rule announced above, that where the record of the deed gives the full name suit with substituted service by initials is bad. The real question is, Does substituted service on O. N. P. Williams comply with the statute, and properly and fairly notify O. H. P. Williams of the suit? Upon the theory that such notices are rarely seen by the defendant, and are permitted only upon the ground of necessity, and

result often in great hardship, it might be insisted that the statute should be rigidly construed and followed. On this theory much might be said against allowing any departure from the true and complete name of the defendant. Yet this reasoning will apply with the same force, when the mistake is in the middle initial, whether the first name be given in full or by initial only. Upon the theory that the object of giving notice by publication is to fairly notify the owner and identify him, it is proper to consider whether the notice by publication duly and fairly apprises the owner that the State is proceeding against his land for taxes. This court, by a recent decision, has adopted the latter theory. In Howard v. Brown, 197 Mo. 36, a tax suit was filed against Henry T. Brown, the owner, his real name being Henry P. P. Brown. This court, speaking through VALLIANT, J., pointed out the fact that both names, ''Henry'' and ''Brown,'' were usual names, and said that if there were two persons bearing the name ''Henry Brown'' in the same community, it would be going beyond our former decisions to hold that a publication of notice to Henry T. Brown would justify a judgment by default against Henry P. P. Brown. The court, however, held that inasmuch as defendant's name was placed in a group composed of his mother's, sisters' and other members' of his family, the publication was sufficient. It is obvious that the grouping of the names together bears only upon the question of identity, and cannot affect the question of rigid compliance with and construction of the statute. We must assume that O. H. P. Williams read this notice by publication. It advised him that suit for delinquent taxes had been filed against O. N. P. Williams, the lands, which were correctly described in the notice, belonging to him, O. H. P. Williams. He saw that the initials of his name, three in number, unusual in this respect, were correctly given except as to the middle initial. It is impossible to escape the conclusion that he

knew that the notice was intended for him and that the suit was against him.

We are constrained to hold (1) that inasmuch as the owner, Williams, took the deed by his initials, the rule that a mistake in the middle initial is immaterial applies; (2) ·that the published notice addressed to O. N. P. Williams, stating that suit had been filed to enforce the State's lien for taxes on land owned by O. N. P. Williams, such notice properly describing the land, was a sufficient notice to O. H. P. Williams of his identity with the defendant in the suit.

III.    We cannot sustain the contention of plaintiff that the correct record of the initials "O. H. P." in the receipt recorded with the deed put the subsequent purchaser upon notice of the mistake in the name in the body of the deed as recorded. This receipt was no part of the instrument, was not required by law to be recorded, and the examiner of titles was not bound to notice or read it. As a matter of fact, there is no proof that this receipt was brought to the attention of the subsequent purchaser. There is no proof that he had any knowledge that would put him upon inquiry as to whether or not the name was correctly copied in the record of the deed. One who examines the records is not required, as a matter of law, to read what is not required to be recorded.

IV.    As the foregoing discussion finally disposes of the case, it is unnecessary to notice other points suggested by counsel.

In accordance with the views herein expressed, it becomes the duty of this court to reverse the judgment and direct the circuit court to enter up judgment vesting the title to the land in controversy in the defendant. It is so ordered. *Kennish, P. J.,* concurs; *Brown, J.,* not sitting.