**Michael FIELD, Plaintiff,**

v.

**GMAC LLC, General Motors Corporation, and Motors Insurance Corporation, Defendants.**

**Civil Action No. 2:08cv294.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 21, 2008.

**682**

Michael Field, Virginia Beach, VA, pro se.

David Glenn Barger, Kathleen Joanna Lynch Holmes, Williams Mullen, PC, McLean, VA, Matthew Stephen Sheldon, Williams Mullen, Virginia Beach, VA, Brian Richard Greene, Cullen Dennis Seltzer, Seltzergreene PLC, Richmond, VA, James Todd Kennard, Jeffrey Jay Jones, Jones Day, Columbus, OH, for Defendants.

### OPINION AND ORDER

JEROME B. FRIEDMAN, District Judge.

Currently before the court are several motions: (1) a motion to dismiss plaintiff's complaint under the doctrines of *res judicata* (also known as claim preclusion) and/or collateral estoppel (also known as issue preclusion), for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and/or for lack of standing, filed by defendant General Motors Corporation ("GM"); (2) a motion to dismiss plaintiff's complaint under the doctrine of *res judicata* or for failure to state a claim upon which relief can be granted under Rule 12(b)(6), filed by defendants GMAC LLC and Motors Insurance Corporation ("MIC"); (3) plaintiff's motion to disqualify counsel for defendants; (4) a motion to strike plaintiff's reply in further support of his motion to disqualify counsel or, in the alternative, for leave to file a sur-reply, filed by defendants GMAC and MIC; (5) plaintiff's "motion (independent action)" for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure; and (6) plaintiff's motion to strike defendants' motions to dismiss. After examination of the briefs and the record, this court determines that oral argument is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. For the reasons stated herein, the court **GRANTS** defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and **DENIES** the remaining motions as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

### I. THE PRIOR STATE AND FEDERAL PROCEEDINGS

As plaintiff notes in his complaint, plaintiff's automobile dealership, Field Auto City, Inc. ("the dealership"), "and the Defendants were involved in litigation for nearly three years" (Complaint ¶ 27), first in the Circuit Court for the City of Alexandria, Virginia, and later in this court's Al-

exandria Division, before Judge Ellis.[1] The details and extensive procedural histories of both the state court litigation between the dealership and GMAC and the dealership's subsequent federal action against GM and GMAC are already discussed in great detail in Judge Ellis's thorough opinion dismissing the prior federal action, and need not be recounted separately here. *See Field Auto City, Inc. v. Gen. Motors Corp.*, 476 F.Supp.2d 545, 547–50 (E.D.Va.2007). In that opinion, Judge Ellis granted defendants' motion to dismiss all of plaintiff's claims, and in a subsequent opinion, Judge Ellis denied plaintiff leave to amend his complaint. *See Field Auto City, Inc. v. Gen. Motors Corp.*, No. 1:06cv1174, 2007 WL 5471891 (E.D.Va. Mar. 22, 2007). The U.S. Court of Appeals for the Fourth Circuit, per curiam, affirmed both decisions in an unpublished opinion. *Field Auto City, Inc. v. Gen. Motors Corp.*, 254 Fed.Appx. 167, 168 (4th Cir.2007).

## II. THE INSTANT LITIGATION

Plaintiff filed the instant complaint in this court's Norfolk Division on June 26, 2008. With regard to the issue of the proper venue for this matter within the divisions of this judicial district, the court notes that the Virginia Beach address plaintiff lists in his complaint appears, in fact, to be the address of a UPS Store in a shopping center, although the area code of the telephone number plaintiff listed corresponds not to Virginia Beach, but rather to Arlington County, Virginia. The court will not speculate as to whether plaintiff secured this UPS Store address (presumably akin to a post office box) in a calculated effort to "forum shop" and, as defendants GMAC and MIC suggest in their brief— *see* Memorandum in Support of Motion to Dismiss by Defendants GMAC LLC and Motor Insurance Corporation ("GMAC Mem.") at 3–4—avoid returning to the same court in which he filed his prior, unsuccessful federal complaint (the Alexandria Division). Instead, for the reasons discussed below, this court has considered the matter fully and sees no reason to burden yet another court with the disposition of this matter.

## STANDARD OF REVIEW

### I. RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move for dismissal of the claims against it if the plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In assessing such a motion, the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir.2000) (citations omitted). However, as the U.S. Supreme Court has recently held, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007);

1. Plaintiff identifies himself in his complaint as the "assignee of all claims of" and "trustee in dissolution of the former Virginia Corporation named Field Auto City, Inc." (Complaint ¶¶ 4–5), which was the actual plaintiff in the prior state and federal litigations. Throughout the complaint, plaintiff refers to himself "individually, as assignee, and as trustee in dissolution" collectively as " 'Mr. Field.' "

Complaint ¶ 7. As discussed below, defendant GM raises issues of plaintiff's standing in connection with these claims, and the court will address this issue in dealing with that argument. For ease of reference, though, the court will discuss Field (the individual) and Field Auto City, Inc. collectively as the plaintiff here.

*see also Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir.2008). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Williams v. Equity Holding Corp.,* 498 F.Supp.2d 831, 838 (E.D.Va.2007) (citations omitted).

■ While the court must construe the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. *See Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir.1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when, upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). As always, however, this standard is balanced in light of Rule 8(a)'s requirement of only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

■ Motions to dismiss under the doctrines of *res judicata* and collateral estoppel are properly reviewed under the standard for Rule 12(b)(6). *Davani v. Virginia Dep't of Transp.,* 434 F.3d 712, 720 (4th Cir.2006); *see also Andrews v. Daw,* 201 F.3d 521, 524 n. 1 (4th Cir. 2000) ("Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint'... when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.") (internal citations omitted).

## II. RULE 12(b)(1)

■ A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction may attack a complaint on its face, insofar as the complaint fails to allege facts upon which the court can base jurisdiction, or it may attack the truth of any underlying jurisdictional allegations contained in the complaint. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982). Where the defendant attacks the sufficiency of the complaint, the court is required to accept all of the complaint's factual allegations as true. *Id.* However, "[w]hen a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction ... the district court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *White Tail Park, Inc. v. Stroube,* 413 F.3d 451, 459 (4th Cir.2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991)).

## III. OTHER GROUNDS

Since the court agrees with defendants that plaintiff's complaint must be dismissed, it would be superfluous for the court to discuss the standards of review applicable to the other pending motions in this case, namely, plaintiff's motion to disqualify counsel for defendants, the motions to strike or for leave to file a sur-reply, and plaintiff's "Motion (Independent Action)" pursuant to Rule 60 of the Federal Rules of Civil Procedure for relief from judgment. The court will deny these other motions as moot.

## ANALYSIS

### I. RULE 12(b)(6)

■ Plaintiff's decision to proceed *pro se* in this case, instead of retaining counsel,

as he did in the related prior state and federal litigations against defendants, has not served him well. Plaintiff's meandering complaint, though fraught with bombastic allegations of all manner of wrongdoing, including conspiracies with court personnel, fraud, kidnapping, and murder, by defendants, is nevertheless virtually devoid of concrete factual allegations containing such fundamental elements as who, what, when, where, and how.[2] Put another way, plaintiff's complaint contains virtually no "short and plain statement[s] ... showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), let alone the more specific factual allegations required by the statutory bases for plaintiff's causes of action. Instead, plaintiff's complaint consists almost entirely of irrelevant bits of innuendo (*see, e.g.,* Complaint ¶¶ 17–20, 24–26) and allegations of violations that merely parrot statutory language without relating such language to alleged facts in the instant case or, for that matter, even providing any detailed facts, at all (*see, e.g.,* Complaint ¶¶ 33–38). As the U.S. Supreme Court has observed, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

Perhaps plaintiff's complaint was designed to address Judge Ellis's observation, in denying plaintiff leave to amend his complaint in the prior federal litigation, that plaintiff's proposed "amended complaint [did] not allege materially different facts from its original complaint in this action, which did not allege materially different facts from the state court counterclaims." *Field Auto City, Inc. v. Gen. Motors Corp.,* No. 106cv1174, 2007 WL 5471891, at *1 (E.D.Va. Mar. 22, 2007). Perhaps plaintiff believed that this artfully (or, rather, artlessly) vague manner of pleading would obscure from this court the fact that the subject matter of the instant case is no different from that in the prior litigations, and thus avoid dismissal premised on principles of *res judicata* or collateral estoppel. Whatever plaintiff's reasons, the result is the same: plaintiff has failed to state any claim upon which relief can be granted.

Since the instant *pro se* complaint, unlike plaintiff's complaint in the prior federal litigation, contains allegations that defendants "conspired with court personnel, court officials, and others in altering, forging and fabricating the court records and record keeping systems" (*see* Complaint ¶ 30), the court must exercise care—at least in this early stage, in which presumptions strongly favor the plaintiff—in taking judicial notice of the contents of the state court pleadings.[3] Of course, plaintiff's brazenness in alleging such wrongdoing without any specificity whatsoever presses

---

**2.** In this connection, defendant GM usefully cites to the U.S. Court of Appeals for the Ninth Circuit's recent unreported decision in *Mostowfi v. 12 Telecom Int'l, Inc.,* 269 Fed. Appx. 621, 624 (9th Cir.2008), in which that court affirmed dismissal of a RICO complaint in which "[m]ost of the alleged predicate acts are general statements about actions committed by the defendants that fail to identify the 'who, what, when, where, and how' of the misconduct charged." *See* Memorandum in Support of Defendant General Motors Corporation's Motion to Dismiss ("GM Mem.") at 13.

**3.** This is one reason for the court's decision to premise its dismissal on failure to state a claim upon which relief can be granted, instead of other available modes of analysis, such as defendants' well-founded issue- and claim-preclusion arguments.

on the outer limit—or, one might even argue, exemplifies an absurd result—of Rule 12's favorable presumptions. Nevertheless, the court will exercise due care in light of this allegation.

Plaintiff's complaint alleges six causes of action. The first four arise under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968; the remaining two under provisions of Virginia state law, one prohibiting combinations to injure others in their reputation, trade, business, or profession (Va.Code § 18.2–499) and the other purportedly providing a private right of action to plaintiff for defendants' alleged violations of Virginia statutes (Va.Code § 8.01–221), respectively.

### A. The RICO Claims

■ Violations of RICO can be prosecuted criminally or brought as civil claims, including as private actions by any person injured in his business or property by reason of such violations. *See* 18 U.S.C. §§ 1962–1964. Specifically, a private RICO plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). "Plaintiff must additionally show that (5) he was injured in his business or property (6) by reason of the RICO violations. The injury and causation components are viewed as standing requirements." *D'Addario v. Geller,* 264 F.Supp.2d 367, 396 (E.D.Va.2003) (citing *Sedima,* 473 U.S. at 496–97, 105 S.Ct. 3275). These elements are common to claims of violation of all four subsections of 18 U.S.C. § 1962. *Williams v. Equity Holding Corp.,* 498 F.Supp.2d 831, 840 (E.D.Va.2007) (citing *Myers v. Finkle,* 758 F.Supp. 1102, 1111 (E.D.Va.1990)) (both finding these elements to be common to claims under sub-sections (a), (c), and (d) of 18 U.S.C. § 1962).

■ In order adequately to allege elements (3) and (4), plaintiff must allege two or more predicate acts of racketeering and, more importantly, "allege a continuing pattern and a relationship among the defendant's activities showing they had the same or similar purposes." *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500, 505 (4th Cir.1998) (citing *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). "RICO treatment is reserved for conduct 'whose scope and persistence pose a special threat to social well-being.' " *GE Inv. Private Placement Partners II v. Parker,* 247 F.3d 543, 550 (4th Cir.2001) (quoting *Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir.1989)). Where RICO claims are based on predicate acts of fraud, the heightened pleading standard set forth in Rule 9(b) of the Federal Rule of Civil Procedure applies. *Menasco,* 886 F.2d at 684; *see also Choimbol v. Fairfield Resorts, Inc.,* 428 F.Supp.2d 437, 445–46 (E.D.Va.2006).

In order adequately to allege elements (5) and (6), the Fourth Circuit has indicated that U.S. Supreme Court precedent "instructs us to employ a traditional causation analysis in determining whether a RICO plaintiff has been injured 'by reason of' a section 1962 violation." *Busby v. Crown Supply, Inc.,* 896 F.2d 833, 839–40 (4th Cir.1990) (quoting *Bass v. Campagnone,* 838 F.2d 10, 12 (1st Cir.1988), for the proposition that "the inquiry is not whether the plaintiff has alleged a direct or indirect injury, but rather whether he or she has alleged an injury that 'flows from' the predicate acts.").

■ In Counts One through Four of the complaint, plaintiff alleges that defendants violated sections (a), (b), (c), and (d) of 18 U.S.C. § 1962, respectively. Com-

plaint ¶¶ 39–59. Virtually all of the allegations within plaintiff's causes of action, like most of the purported factual allegations that precede them, do nothing more than track the language of their respective statutory provisions. In fact, the factual allegations underlying plaintiff's RICO claims are so woefully inadequate that it is somewhat difficult for the court to decide where to start (and end) its analysis. However, in light of the "basic pleading requirement that a plaintiff set forth facts sufficient to allege *each* element of his claim," *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002) (citing *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir.2002)) (emphasis added), in the interest of judicial economy, the court will dispose of these causes of action in short order, and not explore every such deficiency in plaintiff's complaint.

Count One alleges a violation of 18 U.S.C. § 1962(a), which prohibits use of income from racketeering or collecting unlawful debts to acquire an interest in any enterprise engaged in interstate or foreign commerce. However, plaintiff's complaint contains no remotely specific allegations regarding any income received by defendants, the source of such income, the manner in which such income was derived from racketeering, the manner in which such income was used to acquire any interest in any enterprise engaged in interstate or foreign commerce (or even the identity of such enterprise), or how such use is proximately related to his injury. Instead, the allegations that might arguably be relevant to this claim (*see, e.g.,* Complaint ¶¶ 15, 34, 37e, 37g, 37m, 37q, 40–44) merely parrot statutory language and contain no factual information whatsoever. Thus, plaintiff has not adequately stated a claim under 18 U.S.C. § 1962(a).

Count Two alleges a violation of 18 U.S.C. § 1962(b), which prohibits acquiring or maintaining any interest in or control over an enterprise engaged in interstate or foreign commerce through racketeering or collecting unlawful debts. In addition to the elements evident from the language of 18 U.S.C. § 1962(b) itself, to state an adequate claim under this subsection plaintiff must also "allege a specific nexus between the control of a named enterprise and the alleged racketeering activity." *Davis v. Hudgins*, 896 F.Supp. 561, 567 (E.D.Va.1995) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1411 (3d Cir.)) (dismissing a cause of action under 18 U.S.C. § 1962(b) where plaintiff "simply allege[d] that Defendants were engaged in a 'pattern of racketeering,' but fail[ed] to allege that Defendants acquired an interest in any sort of enterprise."). The allegations of plaintiff's complaint that are even arguably relevant to this cause of action (*see, e.g.,* Complaint ¶¶ 15, 35) allege no such nexus; indeed, they do not discuss any acquisition of interest or control or even identify the allegedly controlled enterprise. Count Two must therefore also fail.

Count Three alleges a violation of 18 U.S.C. § 1962(c), which prohibits any person employed by or associated with an enterprise engaged in interstate or foreign commerce from conducting or participating in that enterprise's affairs through racketeering or collection of unlawful debt. The U.S. Supreme Court and the Fourth Circuit have emphasized on more than one occasion that alleged violations of § 1962(c) must distinguish between the employed or associated person and the enterprise and the conduct of each. *See Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993); *see also Palmetto State Med. Ctr. v. Operation Lifeline*, 117 F.3d 142, 148 (4th Cir.1997); *New Beckley Mining Corp. v. Int'l Union, UMW of Am.*, 18 F.3d 1161, 1165 (4th Cir.1994); *Busby v. Crown Supply, Inc.*,

896 F.2d 833, 840 (4th Cir.1990). Plaintiff makes no attempt to make this distinction vis-a-vis the defendants or their alleged acts in his complaint; indeed, he does not even articulate with any specificity the nature or character of the alleged enterprise or attribute the alleged predicate acts to particular defendants or other individuals or entities. Plaintiff has thus failed adequately to allege a violation of 18 U.S.C. § 1962(c).

In addition to the foregoing, as noted above, the court also agrees with defendants that the allegations of plaintiff's complaint can hardly be considered "short and plain statement[s] ... showing that the pleader is entitled to relief," Fed. R.Civ.P. 8(a)(2), let alone sufficiently specific to meet a heightened pleading standard. As plaintiff's RICO claims are predicated on alleged acts of fraud (*see, e.g.,* Complaint ¶¶ 15, 29–31, 37c-g, 37o-t), the heightened pleading standard set forth by Rule 9(b) of the Federal Rule of Civil Procedure applies. *Menasco,* 886 F.2d at 684; *see also Choimbol v. Fairfield Resorts, Inc.,* 428 F.Supp.2d 437, 445–46 (E.D.Va.2006). Plaintiff's only remotely detailed allegation in this connection consists of a long, unannotated list of dates on which plaintiff alleges some of the "more than four hundred individual specific acts of wire and mail fraud occurred." Complaint ¶ 37f. Even in this allegation, though, plaintiff provides no further explanation of this list or additional details, although defendants GMAC and MIC have observed that "[s]ome of the dates listed by plaintiff in paragraph 37(f) correspond to filing dates for GMAC's pleadings in the prior federal action." GMAC Mem. at 12 n. 7. Plaintiff, however, does not even make these elementary connections explicit in his complaint. Plaintiff has clearly not alleged any of these acts of fraud with sufficient specificity, and they therefore cannot constitute predicate acts upon which to base RICO claims.

▇▇▇ Count Four invokes the conspiracy provision of RICO, 18 U.S.C. § 1962(d), which prohibits conspiracy to violate the preceding subsections of § 1962. "A cause of action for conspiracy to violate RICO under 18 U.S.C. § 1962(d) 'necessarily must fail if the substantive claims are themselves deficient.'" *Robinson v. Fountainhead Title Group Corp.,* 252 F.R.D. 275, 283 (D.Md.2008) (citing, *inter alia, Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1191 (3d Cir.1993)). The court has already determined that Counts One through Three fail to state a claim upon which relief can be granted. Moreover, as defendant GM points out (*see* GM Mem. at 13 n. 8), "[b]ecause the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 25 (2d Cir.1990). Plaintiff's complaint contains no such allegations, at all, and must therefore also fail.

### B. Virginia's Business Conspiracy Statute

▇▇▇ Count Five of plaintiff's complaint alleges that defendants violated Virginia's business conspiracy statute, Va.Code § 18.2–499. The elements of claims under this statute are "(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to plaintiff." *Allen Realty Corp. v. Holbert,* 227 Va. 441, 318 S.E.2d 592, 596 (1984); *see also DAG Petroleum Suppliers, L.L.C. v. BP P.L.C.,* 268 Fed.Appx. 236, 243 (4th Cir.2008) (citing *Simmons v. Miller,* 261 Va. 561, 544 S.E.2d 666, 676–77 (2001)) (plaintiff "must prove by clear and convincing evidence that: (1) [defendant] agreed

or conspired with another party or parties; (2) the conspirators acted with legal malice, that is, acted intentionally, purposefully, and without lawful justification; and (3) the intentional actions of the conspirators proximately caused injury to [plaintiff].").

 The court starts with the obvious factual point that for much of the time at issue in this case GMAC (and, by definition, its subsidiary MIC) was a wholly-owned subsidiary of GM (*see Field Auto City, Inc.*, 476 F.Supp.2d 545, 548 (E.D.Va. 2007)), and the corresponding legal point that an entity cannot conspire with itself. *See, e.g., Saliba v. Exxon Corp.*, 865 F.Supp. 306, 313 (W.D.Va.1994) (citing *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797, 801 (1985)). Plaintiff admittedly lists other alleged co-conspirators, including, *inter alia*, the "Alexandria Sheriffs' Department, the office of the clerk of the Circuit Court for the City of Alexandria, employees and officials of the Circuit Court for the City of Alexandria," as well as defendants' counsel and others. Complaint ¶ 63. However, plaintiff provides no additional details with regard to the identities or roles of these alleged co-conspirators and "no factual basis to discern the method of the alleged conspiracy or how it was carried out." *Harper Hardware Co. v. Powers Fasteners, Inc.*, No. Civ. A. 3:05cv799, 2006 WL 141672, at *5 (E.D.Va. Jan. 19, 2006). Plaintiff does not specify the nature or amount of damages he allegedly suffered as a result of the alleged conspiracy. Claims under Va.Code § 18.2–499 "like fraud, must be pleaded with particularity, and with more than 'mere conclusory language.'" *Gov't Employees Ins. Co. v. Google, Inc.*, 330 F.Supp.2d 700, 706 (E.D.Va.2004) (quoting *Bay Tobacco LLC v. Bell Quality Tobacco Products, LLC*, 261 F.Supp.2d 483, 499 (E.D.Va.2003)).

As with plaintiff's other causes of action, his allegations in connection with this claim contain virtually no "short and plain statement[s] . . . showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), let alone the more specific factual allegations required by this heightened pleading standard. Accordingly, plaintiff's claim must fail.

## C. Other Virginia Statutory Violations

Count Six of plaintiff's complaint purports to bring separate private claims for damages under Va.Code § 8.01–221 for the violations of Virginia law alleged in ¶ 37 of the complaint. These violations were primarily alleged as predicate acts for plaintiff's RICO claims. *See* Complaint ¶¶ 37n-z.

 Defendants GMAC and MIC correctly point out (*see* GMAC Mem. at 15) that, contrary to plaintiff's apparent belief, Va.Code § 8.01–221 does not create any separate private right of action against alleged violators of criminal statutes. *See* GMAC Mem. at 15. The Virginia Supreme Court has indicated:

> Section 8.01–221 creates no new right of action for damages for violation of some other criminal or penalty statute; no civil right of action exists unless such other statute by its terms so provides, or unless proof of the same facts that establish violation of such other statute also constitutes proof of an otherwise existing civil action for damages independent of the criminal statute.

*Vansant and Gusler, Inc. v. Washington*, 245 Va. 356, 429 S.E.2d 31, 34 (1993). Defendants further correctly assert that only two of the Virginia statutes alleged to have been violated in the complaint con-

template civil private rights of action.[4] GMAC Mem. at 15–16. Virginia's false advertising statute, Va.Code § 18.2–216, has a civil counterpart explicitly conferring a private right of action for violations of its provisions. *See* Va.Code § 59.1–68.3. The following section, Va.Code § 18.2–217, explicitly contemplates "civil action under this section." However, plaintiff's complaint makes no allegations whatsoever regarding the nature of such alleged false advertising or intent to sell anything at a price other than that advertised. The only allegations in the complaint even conceivably related to these claims are plaintiff's introductory (and entirely irrelevant) allegations regarding GM's former president providing false credentials on his resume, which are clearly insufficient to allege any claim. Accordingly, plaintiff has no right to bring a private action under any of the Virginia statutes listed in his complaint, except for the false advertising statutes. With respect to these statutes, plaintiff has failed to state any claim upon which relief can be granted. Accordingly, Count Six also fails entirely.

### D. Dismissal with Prejudice

■ The foregoing analysis has revealed that plaintiff has failed to state any claim upon which relief can be granted in his complaint in this action. Ordinarily, having reached such a conclusion, the court could, in its discretion, grant defendants' motion to dismiss for failure to state a claim without prejudice, thereby giving plaintiff leave to amend his complaint and the opportunity to correct its (numerous) deficiencies. However, although the court is mindful that Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires," there are certain situations in which it is appropriate for a court to deny such leave. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (enumerating potential bases for denying leave to amend). The Fourth Circuit, in interpreting the *Foman* decision, has determined that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999). Although plaintiff has not actually moved for leave to amend his complaint in this case (though, as discussed above, he tried unsuccessfully to do so in the prior federal litigation), the court considers this line of analysis useful in deciding whether or not to dismiss plaintiff's complaint with or without prejudice, which fundamentally has the same effect.

■ In light of the extensive history of related litigations preceding this case, allowing plaintiff to amend his complaint would be futile. "In the Eastern District of Virginia, an amendment may be considered futile where Plaintiffs have previously had two full opportunities to plead their claim." *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F.Supp.2d 571, 595 (E.D.Va.2006) (citing *Travelers Cas. & Sur. Co. v. Danai*, No. Civ. A. 05–356, 2005 WL 2045398, at *3 (E.D.Va. Aug. 22, 2005)).

Here, plaintiff has had far *more* than two such full opportunities. In the prior state court litigation alone, the Alexandria

---

4. Va.Code § 8.01–271.1, the Virginia equivalent of Rule 11 of the Federal Rules of Civil Procedure, contemplates that private litigants can move a court to impose sanctions on a litigant who violates its terms, but does not, by its terms, provide a private right of action in this sense.

Circuit Court afforded plaintiff *three* opportunities to amend his counterclaims against defendant GMAC. Plaintiff used these opportunities to advance, in various incarnations, dozens of different causes of action against GMAC, including RICO and Virginia statutory claims, none of which prevailed. Then, in the prior federal litigation before Judge Ellis, plaintiff advanced additional causes of action against GM and GMAC, none of which survived motions to dismiss. Judge Ellis also denied plaintiff's subsequent motion to add yet another claim to his complaint in that case, noting that "plaintiff was simply dilatory in failing to assert the [proposed additional] claim earlier. In its five prior attempts to plead a sufficient theory of this case—four in state court and one in federal court—plaintiff never explicitly asserted any" such claim. *Field Auto City, Inc. v. Gen. Motors Corp.*, No. 1:06cv1174, 2007 WL 5471891, at *1 (E.D.Va. Mar. 22, 2007). The court there ultimately denied plaintiff's motion for leave to amend on the alternative basis of futility, because *res judicata* would bar the claim, even though plaintiff's delay alone would also have warranted denial. *Id.* This court agrees with Judge Ellis that plaintiff has already had his day in court on these events—several days, in fact—and does not believe dismissal without prejudice to be appropriate here. Considerable effort and money have already been expended by all parties in this and the prior litigations, and plaintiff has failed at every juncture to state any valid claim for which relief can be granted. Accordingly, the court will dismiss plaintiff's complaint with prejudice.

## II. *RES JUDICATA* AND COLLATERAL ESTOPPEL

As noted above, defendants' arguments for dismissal based on the doctrines of *res judicata* and collateral estoppel appear to the court to be well-founded. However,

plaintiff's complaint in this case contains allegations, albeit vague ones, that court records in the prior litigations were tampered with. *See* Complaint ¶ 30. However outlandish and improbable these allegations might seem, at this early stage of litigation, presumptions strongly favor the plaintiff. Accordingly, the court is somewhat more hesitant here than it otherwise would be to premise its dismissal on the precise contours of the prior state court proceeding as embodied in that case's record. This statement is emphatically *not* to give license to the notion that plaintiffs can thwart legitimate *res judicata* and collateral estoppel defenses in every case simply by alleging that the record in the prior proceeding was touched by fraud or conspiracy with court officials. Plaintiffs, including *pro se* plaintiffs, must be mindful both of the gravity of alleging conspiracy, fraud, or other misconduct by judicial officials and the availability of sanctions under Rule 11 of the Federal Rules of Civil Procedure for frivolous or harassing allegations.

## III. STANDING

■■■ Defendant GM further argues that plaintiff, even as purported "assignee" and "trustee in dissolution" of the dealership (which, as noted above, was the actual party in the prior litigations), lacks standing to sue. It is, of course, well settled that "Virginia law does not accord a shareholder standing to sue in his own right for compensatory damages caused by injury to a corporation." *Womble v. Dixon*, 752 F.2d 80, 82 (4th Cir.1984) (citing *Keepe v. Shell Oil Co.*, 220 Va. 587, 260 S.E.2d 722, 724 (1979)). Here, again, the utter vagueness of plaintiff's complaint causes problems. The fact that the complaint refers to plaintiff as an individual as well as in his capacity as assignee and trustee of the dealership (*i.e.*, purportedly standing in its

corporate shoes) collectively as "Mr. Field" makes it difficult to determine the relative extent to which the alleged damages were to plaintiff personally or to the dealership. The complaint does seem to contain at least some allegations of injury that appear, by definition, to be personal to plaintiff as an individual instead of as a representative of the dealership (*see, e.g.,* complaint ¶ 62's references to defendants "compelling Field to do or perform acts against [his] will"). Accordingly, on the basis of the language of the complaint, the court cannot find plaintiff to lack standing in this case.

## IV. PLAINTIFF'S RULE 60 MOTION

The court's decision to grant defendants' motions to dismiss plaintiff's complaint render plaintiff's subsequently-filed "Motion (Independent Action)" under Rule 60 of the Federal Rules of Civil Procedure moot. Accordingly, the court need not address it. However, the court observes in passing that, even if plaintiff had survived defendants' motions to dismiss, the court would not consider plaintiff's Rule 60 motion, because it was procedurally improper in several respects. Relief under Rule 60 can be obtained in one of two ways: either (1) by filing a motion in the court *and* the action in which the judgment from which relief is sought was rendered or (2) by filing an independent action—*i.e.,* a new case—in the same court or another court possessing jurisdiction. *See* Fed.R.Civ.P. 60 advisory committee's notes. Plaintiff has done neither, but instead filed an arguably untimely motion for relief from judgment (presumably the judgment in the prior federal litigation, since relief from the state courts' judgments being likely precluded by the Rooker–Feldman doctrine) in this case.

## V. OTHER MOTIONS

The court has decided to grant defendants' motions to dismiss plaintiff's com-

plaint. This renders moot the other motions listed above, all of which were filed subsequent to the filing of the motions to dismiss. *See, e.g., McHam v. N. Carolina Mut. Life Ins. Co.,* No. 1:05CV01168, 2007 WL 1695914, at *5–6 (M.D.N.C. June 11, 2007) (granting defendant's motions to dismiss and denying other motions, including a motion to disqualify defendant's counsel, as moot); *Static Control Components, Inc. v. Dallas Semiconductor Corp.,* No. 1:02CV1057, 2003 WL 21666582, at *1, *10 (M.D.N.C. July 16, 2003) (Recommendation of U.S. Magistrate Judge recommending same).

## CONCLUSION

For the foregoing reasons, this court has determined that plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, defendants' motions to dismiss pursuant to Rule 12(b)(6) are **GRANTED** and plaintiff's complaint is **DISMISSED,** with prejudice, as to all defendants. All other motions are **DENIED** as moot.

The plaintiff is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Order.

The Clerk is **DIRECTED** to enter final judgment in favor of defendants and against plaintiff and is further **REQUESTED** to send a copy of this Order to the *pro se* plaintiff and to counsel of record for the defendants.

It is so **ORDERED.**