Mary Anne **YERION**, Plaintiff,

v.

**BRANCH BANKING & TRUST COMPANY, Defendant.**

**Civil Action No. 2:13cv374.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Signed March 4, 2014.

Filed March 5, 2014.

Douglas Eugene Kahle, Esq., Glen Michael Robertson, Esq., for Plaintiff.

Alan Durrum Wingfield, Esq., Nicholas Richard Klaiber, Esq., Virginia Bell Flynn, Esq., Massie Payne Cooper, Esq., for Defendant.

## MEMORANDUM OPINION AND ORDER

RAYMOND A. JACKSON, District Judge.

Before the Court is Defendant Branch Banking & Trust Company's ("Defendant" or "BB & T") Motion to Strike or, in the Alternative, Motion to Dismiss Plaintiff Mary Anne Yerion's ("Plaintiff") First Amended Complaint (ECF No. 14). Having carefully considered the parties' pleadings, this matter is now ripe for disposition. For the reasons set forth herein, the Motion to Strike is **DENIED** and the Motion to Dismiss is **GRANTED–IN–PART** and **DENIED–IN–PART**.

## I. FACTUAL AND PROCEDURAL HISTORY

. According to the Amended Complaint, on April 20, 2005, Plaintiff conveyed a property she inherited in Onancock, Virginia ("the Property") to herself and her son. Roland Dale Yerion, Jr., as joint tenants with the right of survivorship. Pl.'s Am. Compl. ¶ 5. In September 2005. Plaintiff moved to Marion, Kansas. *Id.* at ¶ 6. On May 6, 2008. Roland Yerion received a $30,000 business loan from Defendant using the Properly as collateral without notifying his mother. *Id.* at ¶¶ 9, 13. A Deed

of Trust was prepared and filed by Roland Yerion and Defendant's employee. Patricia Roberts. *Id.* at ¶¶ 13–15. The Deed of Trust included a notarized signature for a "Mary Anne Yerion." *Id.* at ¶ 20. Plaintiff maintains that the Deed of Trust is fraudulent because she never appeared before Patricia Roberts to sign any document. *Id.* at ¶¶ 20–26. On March 26, 2013, after Roland Yerion defaulted on his business loan, Defendant foreclosed on the Property and sold it to a third party. *Id.* at ¶¶ 28, 40. Before the foreclosure and sale, Defendant sent notices of its intent to foreclose to Plaintiff's attention at the Property's address in Onancock, Virginia. *Id.* at ¶ 38. However, Defendant did not send notices to Plaintiff's address in Kansas despite the fact that Defendant regularly mailed bank statements unrelated to the loan to Plaintiff in Kansas. *Id.* at ¶¶ 37–38.

Plaintiff filed a Complaint against Defendant in the Circuit Court for the County of Accomack, Virginia. On June 6, 2013, Defendant filed a Notice of Removal to remove the case to federal court. On July 12, 2013, Defendant filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. This Court granted Defendant's Motion to Dismiss on October 17, 2013, finding that Plaintiff's Complaint failed to provide legal allegations or discuss the application of governing law to distinct causes of action against Defendant. Mem. Op. Order, Oct. 17, 2013 (ECF No. 10). This Court also granted Plaintiff leave to amend her Complaint. *Id.*

Plaintiff filed an Amended Complaint in the United States District Court for the Eastern District of Virginia, Norfolk Division, on November 4, 2013 (ECF No. 11). The Amended Complaint alleges causes of action for wrongful foreclosure based on insufficient notice under Virginia Code § 55–59.1 and slander of title under Virgi-

nia common law. Defendant filed the instant Motion to Strike or, in the Alternative, Motion to Dismiss the Amended Complaint (ECF No. 14) along with a supporting memorandum (ECF No. 15) on November 21, 2013. Plaintiff's Response Memorandum in Opposition to Defendant's Motion to Strike or Dismiss (ECF No. 21) was received on December 12, 2013. Defendant then filed a Reply in support of its Motion to Strike or Dismiss (ECF No. 24) on January 13, 2014.

## II. LEGAL STANDARD

### A. Computation of Filing Deadline

Federal Rule of Civil Procedure 6 governs the computation of time for complying with court deadlines. For deadlines given in numbers of days, the day of the triggering event is excluded from the period. Fed.R.Civ.P. 6(a)(1)(A). Then, every day is counted forward including weekends and holidays. Fed.R.Civ.P. 6(a)(1)(B). Rule 6(d) grants three extra days to the computation of time dictated under Rule 6(a) as follows:

> When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) [relating to service by mail], (D) [relating to service by court clerk], (E) [relating to service by electronic means], or (F) [relating to service by consented means], 3 days are added after the period would otherwise expire under Rule 6(a).

Fed.R.Civ.P. 6(d). Federal Rule of Civil Procedure 5(b)(2)(E) specifies one of the situations where Rule 6(d) applies: "A paper is served under this rule by ... (E) sending it by electronic means if the person consented in writing." Fed.R.Civ.P. 5(b)(2)(E).

### B. Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that, in addition to a statement of

the court's jurisdiction and a demand for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted)); *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir.2008). Specifically, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. A complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Field v. GMAC LLC,* 660 F.Supp.2d 679, 684 (E.D.Va.2008) *aff'd,* 328 Fed.Appx. 873 (4th Cir.2009). Also, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal,* 556 U.S. at 663–64, 129 S.Ct. 1937. During its context-specific analysis, the Court's focus is on whether the facts asserted in the complaint demonstrate the plaintiff is entitled to relief pursuant to a legally cognizable claim. In other words, "when a plaintiff's complaint sets forth facts in support of his claim for relief and tracks the language of the applicable cause of action, the legal conclusions 'are not talismanic' because 'it is the alleged facts supporting those words, con-

strued liberally, which are the proper focus at the motion to dismiss stage.' " *Gladden v. Winston Salem State Univ.,* 495 F.Supp.2d 517 (M.D.N.C.2007) (quoting *Jordan v. Alternative Res. Corp.,* 458 F.3d 332, 346 (4th Cir.2006)). For purposes of a Rule 12(b)(6) motion, courts may only rely upon matters in the pleadings, including the complaint's allegations and the documents attached as exhibits or incorporated by reference. *Simons v. Montgomery Cnty. Police Officers,* 762 F.2d 30, 31 (4th Cir.1985).

## III. DISCUSSION

### A. Motion to Strike Amended Complaint as Untimely

█ In its previous Memorandum Opinion and Order, the Court granted Plaintiff "leave to amend her Complaint within fifteen (15) days of the date of this Order." Mem. Op. Order, Oct. 17, 2013. Because the Court's Order was signed October 17, 2013, Defendant argues that the deadline for filing the Amended Complaint was fifteen days later, or November 1, 2013. Def.'s Supp. Mem. 4. Consequently, Defendant asserts that Plaintiff's Amended Complaint was not timely filed on November 4, 2013 and should be stricken. *Id.*

Plaintiff maintains that computing time pursuant to Rule 5(b), Rule 6(a), Rule 6(d) and the Eastern District of Virginia Electronic Case Filing Policies and Procedures Manual ("EDVA Filing Manual") requires the Court to consider Case Management/Electronic Case Filing ("CM/ECF") system service of the Order as service by electronic means, which requires three days to be added to the fifteen day period for filing the Amended Complaint. Pl.'s Opp'n 2. According to this computation, Plaintiff's Amended Complaint had to be filed by November 4, 2013, eighteen days after this Court's Order was signed.

Courts have interpreted the term "electronic means" in Rule 5(b)(2)(E) to apply to court orders filed electronically via CM/ECF. *See Proa v. NRT Mid Atl., Inc.,* 633 F.Supp.2d 209 (D.Md.2009) *aff'd sub nom. Proa v. NRT Mid–Atl., Inc.,* 398 Fed.Appx. 882 (4th Cir.2010) (holding that plaintiffs were entitled to three additional days for filing objections to the magistrate judge's order, which was filed electronically); *In re OSI Pharm., Inc. Sec. Litig.,* 04–CV–5505 JS ETB, 2005 WL 6171305 (E.D.N.Y. Sept. 21, 2005) ("Rule 6(e) provides that where, as here, a party is required to respond to papers that have been served via electronic means, three days are added to the time otherwise allotted for that party to respond."); *Signature Networks, Inc. v. Estefan,* C 03–4796 SBA, 2005 WL 1249522 (N.D.Cal. May 25, 2005) (noting that pursuant to Rules 6(e) and 5(b)(2)(D), a party who receives an order by electronic means has an additional three days to submit its objections). The EDVA Filing Manual specifically states, "[i]n accordance with Fed.R.Civ.P.6(d), service by electronic means is treated the same as service by mail: when a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), three days are added after the period would otherwise expire under Rule 6(a)." EDVA Filing Manual, Chapter Four, pg. 33 (Nov. 1, 2010).

The parties agree that "the date of this Order" language refers to the date the Order was signed, or October 17, 2013. The parties also agree that November 1, 2013 was fifteen days after the Order was signed as computed under the Federal Rules of Civil Procedure. The parties dis-agree that Plaintiff is entitled to additional days to exercise her leave to amend her complaint. The Court finds that Plaintiff is entitled to an additional three days to file her Amended Complaint pursuant to local and federal procedural rules regarding service by electronic means. The application of these rules results in an eighteen day filing period, setting a deadline of November 4, 2013 for filing the Amended Complaint. Therefore, Plaintiffs Amended Complaint was timely filed on November 4, 2013 and Defendant's Motion to Strike the Amended Complaint is **DENIED.**

## B. Motion to Dismiss for Failure to State a Claim

### i. Count I: Wrongful Foreclosure and Failure to Provide Required Notice

█ Court I of the Amended Complaint alleges the Property was wrongfully foreclosed because Defendant did not provide notice of foreclosure as required by Virginia Code § 55–59.1.[1] Defendant argues that Plaintiff's wrongful foreclosure claim should be dismissed because the Virginia Code does not impose liability for a breach of § 55–59.1 and Virginia law does not provide a private cause of action for wrongful foreclosure. Def.'s Supp. Mem. 6. Plaintiff maintains that Defendant failed to provide "written notice of the time, date and place of any proposed sale in execution of a deed of trust ... by personal delivery or by mail to (i) the present owner of the property to be sold at his last known address as such owner and address appear in the records of the party secured" because Defendant did not give the trustee her

---

1. Federal courts sitting in diversity apply the substantive law of the forum state for tort claims brought in Virginia. *See Salve Regina Coll. v. Russell,* 499 U.S. 225, 226, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991) (citing *Erie R.* *Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)); *Frye v. Commonwealth,* 231 Va. 370, 345 S.E.2d 267, 272 (1986).

Kansas address despite its actual knowledge that she no longer resided at the Property and its possession of her Kansas address. Va.Code Ann. § 55–59.1(A); Am. Compl. ¶¶ 36–39. Plaintiff also maintains that Defendant did not engage in an "inadvertent failure" to provide the statutorily required notice of foreclosure, and because its conduct was advertent, Defendant cannot shield itself from liability. To demonstrate that Defendant's conduct was not "inadvertent," Plaintiff asserts that Defendant's employee Patricia Roberts created fraudulent loan documents and Defendant failed to send notice to her Kansas address with conscious, reckless or gross indifference. Am. Compl. ¶¶ 46–47; Pl.'s Opp'n 11.

Under the law of certain jurisdictions, if a lender fails to provide the mortgagor with proper notice of a foreclosure sale, a cause of action for wrongful mortgage foreclosure may lie against the lender.[2] The Virginia legislature has established statutory requirements for the provision of notice of intent to foreclose before a mortgaged property can be sold, codified in Virginia Code § 55–59.1. Section 55–59.1(A) does not require the property owner to receive actual notice, but requires only that the lender personally deliver or mail written notice to the property owner. *See Principal Residential Mortgage/Sec'y of Hous. & Urban Dev. v. O'Neal,* 55 Va. Cir. 250, 2001 WL 34037308 (2001) ("As a general rule, when due process of law requires that notice be given, it means that actual notice must be received by the person to be notified. In derogation of the common law, the [Virginia] legislature has changed this requirement as it applies to the facts of this case and substituted

therefore the legal fiction that notice to an owner that his real estate is to be foreclosed can be accomplished by simply following the procedure set forth in § 55–59.1."). This section also does not create a private right of action for wrongful foreclosure based on a failure to provide requisite notice. While § 55–59.1(A) specifically prohibits a case against a mortgagee for the inadvertent failure to provide notice, the statute does not prohibit liability for a failure to provide notice that is not inadvertent. *See* Va.Code ANN. § 55–59.1(A) ("The *inadvertent* failure to give notice as required by this subsection shall not impose liability on either the trustee or the secured party," demonstrating that the legislature intentionally clarified that an inadvertent failure to notify a borrower of an intent to foreclose would not create a private right of action) (emphasis added).

Because the Virginia Code does not prohibit a complainant's cause of action against a mortgagee that advertently failed to provide adequate notice of its intent to foreclose, Plaintiff may cite § 55–59.1(A) along with sufficient facts to plead a claim upon which relief may be granted to survive dismissal. However, relief may not be granted pursuant to any wrongful foreclosure claim or theory because no such cause of action exists under the law of this commonwealth. *See Young v. CitiMortgage, Inc.,* 5:12CV079, 2013 WL 3336750 (W.D.Va. July 2, 2013) ("Virginia law does not recognize a cause of action for 'wrongful foreclosure.' "); *Hien Pham v. Bank of New York,* 856 F.Supp.2d 804, 811 (E.D.Va.2012) (citing *Sheppard v. BAC Home Loans Servicing, LP,* No. 3:11cv62, 2012 WL 204288, at *7 (W.D.Va. Jan. 24,

---

**2.** Generally, a wrongful mortgage foreclosure occurs when there is an illegal or wrongful sale of property. *See Farrell v. Hunt,* 714 S.W.2d 298 (Tex.1986). A claim of wrongful mortgage foreclosure often arises when the

lender or mortgagee does not comply with the terms of a mortgage or does not adhere to the statutory requirements concerning foreclosures.

2012) ("Virginia does not recognize a cause of action for wrongful foreclosure.")).

Because it is not bound by Plaintiff's legal conclusions, the Court may liberally construe the Amended Complaint to determine whether the factual allegations entitle Plaintiff to any relief under Virginia law. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) ("[T]he complaint is to be liberally construed in favor of plaintiff."); *Field,* 660 F.Supp.2d at 684 ("While the court must construe the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions.").

The Court finds that conduct leading to a wrongfully foreclosed property may be actionable, but Plaintiff's denotation of a "wrongful foreclosure" claim in the heading of Count I of the Amended Complaint is mislabeled. Finding the heading in Court I mislabeled as a "wrongful foreclosure" claim leads to a determination that the allegations of the Property being wrongfully foreclosed are actionable in tort under some other legal theory. The term "wrongful foreclosure" can be viewed as a catch-all term that may encompass a variety of defects in the foreclosure process, including fraudulent or tortious conduct or statutory violations. *See generally Zambrano v. HSBC Bank USA, Inc.,* CIV.A. 01:09–CV–996, 2010 WL 2105164 (E.D.Va. May 25, 2010) *aff'd sub nom. Zambrano v. HSBC Bank USA, N.A.,* 442 Fed.Appx. 861 (4th Cir.2011) (holding that a claim for wrongful foreclosure fails on the basis of the defendants' proper following of "the required steps and procedures for foreclosing on and selling the Property."); *SunTrust Bank v. Wells Fargo Bank, N.A.,* 79 Va. Cir. 115, 2009 WL 7388857, at *3 (2009) (recognizing that the defendant was "legally responsible for the recordation of the Mortgageit Deed of Trust under the

wrong name. That being so, its failure to give notice was not 'inadvertent.' It never knew, because of its assignor's initial error, to whom to give notice. Accordingly, it enjoys no protection from § 55–59.1(A).").

Liberally construed, the Amended Complaint alleges the foreclosure sale of the Property was improper because Defendant failed to provide the requisite notice, allegations that state potentially viable causes of action under tort law for violating a duty owed to Plaintiff imposed by the law, such as a claim for fraud, conversion, trespass or negligence. *See Glisson v. Loxley,* 235 Va. 62, 67, 366 S.E.2d 68 (1988) (noting that Virginia law recognizes a tort as "the violation of some duty owing to the plaintiff imposed by the general law or otherwise."). Plaintiff's allegations survive dismissal because Defendant's failure to comply with statutory notice requirements resulted in its wrongful foreclosure of the Property, a predicate allegation that constitutes "a short and plain statement of the claim showing that the pleader is entitled to relief" under tort theories. *See Enomoto v. Space Adventures, Ltd.,* 624 F.Supp.2d 443, 448 (E.D.Va.2009) ("[A] motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R.Civ.P. 8.").

However, since Plaintiff has not identified which tort legal theory she may rely on to support her request for relief in her Amended Complaint, the Motion to Dismiss Count I cannot be denied without an amendment of the Amended Complaint. The Court grants dismissal of Count I without prejudice to Plaintiff's ability to amend her Complaint to correct its insufficiencies. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)

("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.... In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' "); *Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999) (recognizing that rather than dismiss a defective pleading with prejudice, a plaintiff should "be given every opportunity to cure a formal defect in his pleading").

### ii. Count II: Slander of Title and the Statute of Limitations

■ Court II of the Amended Complaint alleges a cause of action for slander of title. Defendant challenges Plaintiff's slander of title claim as barred under the applicable two-year statute of limitations period. Def.'s Supp. Mem. 7. Defendant contends that the statute of limitations period began when Plaintiff's injury in the form of the allegedly fraudulent recording of the Deed of Trust occurred, which was in 2008. *Id.* at 8. Plaintiff counters that the statute of limitations period for the injury claimed in the Amended Complaint began to run on March 26, 2013 when Defendant released its claim against the Property through a foreclosure sale. Pl.'s Opp'n 15–16. Plaintiff's assertion is based on the absence of controlling authority regarding the commencement of the statute of limitations period. *Id.* at 15.

In order to make a proper finding on Defendant's assertion that the slander of title claim is time barred, the Court must address two issues: what is the applicable statute of limitations period and when does the statute of limitations period begin to run.[3] On this issue of the appropriate statute of limitations period, Defendant correctly asserts that under Virginia law, the length of the period is two years. In *Koz v. Wells Fargo Home Mortg.,* the Circuit Court of Virginia decided that a two-year statute of limitations period was appropriate for a slander of title claim arising from an interference with economic relations injury. 83 Va. Cir. 96, 2011 WL 8956203 (2011). The Circuit Court considered a one-year statute of limitations period, the period applicable in defamation suits. *Id.* at *5. However, the Circuit Court found "that slander of title is better categorized as a form of interference with economic relations, and that the one-year statute of limitations for defamation is not applicable." *Id.* Additionally, the Circuit Court considered a five-year statute of limitations period, applicable to injuries to property flowing from "conduct directed at the property, rather than conduct directed at the person." *Id.* (referencing *Willard v. Moneta Bldg. Supply,* 262 Va. 473, 480, 551 S.E.2d 596, 599 (2001); *Keepe v. Shell Oil Co.,* 220 Va. 587, 593–94, 260 S.E.2d 722, 726 (1979)). Again, the Court found the five-year period to be inappropriate because Plaintiff's slander of title claim was based on a pecuniary loss of equity, but the "property remains in the same condition and available for the same use as it was before the deeds of trust were recorded." *Id.* at *6. Based on the holding in *Koz,* the two-year statute of limitations

---

**3.** To address both issues in a diversity action such as this, the Court must look to the law of Virginia to determine both the appropriate statute of limitations and the time at which a claim accrues under the applicable statute.

*Brown v. Am. Broad. Co.,* 704 F.2d 1296 (4th Cir.1983) (citing *Ragan v. Merch. Transfer and Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949)).

period is applicable to the slander of title claim in this case, the general statute of limitations period for actions with no pre-scribed limitation. Va.Code Ann. § 8.01–248 ("Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued.").

■ On the issue of when the statute of limitations period commences, Plaintiffs contention that the period does not begin until Defendant ceases to maintain a claim against the Property is correct. Applying Virginia law, the Court in *Warren v. Bank of Marion* held that where a slander of title action was filed less than a year after the memorandum *of lis pendens* had been released, but more than one year after the memorandum had been filed and recorded, the injuries suffered by the plaintiff were continuing until the memorandum was re-moved from the public records. 618 F.Supp. 317 (W.D.Va.1985). In other words, the Court held that the statute of limitations applicable in a slander of title action does not begin to accrue as long as the defendant maintains a claim against the plaintiff's property. *Id.* at 321–22. Conversely, the Circuit Court in *Koz* held:

> Although the deeds of trust remain in the Fairfax County Land Records, this is merely the continuing effect of a sin-gle act. Therefore, Plaintiff's claim is not for a true continuing tort. Under the general rule that the statute of limi-tations attaches at the time of injury, the statute of limitations attached to the Plaintiff's slander of title claim at the time the deeds of trust were recorded, because her injury, in the form of dam-age to the equity she held in the proper-ty, was sustained at that moment.

*Koz*, 83 Va. Cir. at *6. However, the in-stant case is different from *Koz* in terms of the continuation of the tort. Unlike the

plaintiff in *Koz* who learned of the deeds within weeks, Plaintiff did not become aware of Defendant's alleged slanderous and fraudulent drafting of the Deed of Trust in 2008 until 2013 when Defendant asserted its right to foreclosure under the Deed of Trust. Also, Defendant continued to maintain its rights under the Deed of Trust until March 26, 2013 when the fore-closure sale occurred, only a few months before Plaintiff filed her first complaint. Additionally, Plaintiff does not rely on the single act of creating the Deed of Trust to support her claim of slander of title. She alleges that Defendant's slander of title occurred by creating and filing the fraudu-lent Deed of Trust as well as using the Deed of Trust to foreclose upon the Prop-erty. Am. Compl. ¶ 52.

Plaintiff's allegations are more like the plaintiff in *Warren*, who alleged that the defendants made false statements and claims against her property knowing that they could not legally do so. The District Court held in *Warren:*

> This cause of action did not fully accrue and the limitations period did not begin to run until the defendants released their claim against her property. Since plaintiff filed her action within one year of this release, she is not barred by application of Virginia's statute of limita-tions for defamation actions, much less its limitations period for injury to prop-erty. To hold otherwise would anoma-lously cut off plaintiff's opportunity to pursue her rights against the defendants prior to the time that defendants had exhausted their remedial efforts against her, which are the very efforts giving rise to plaintiff's present action.

*Warren*, 618 F.Supp. at 322; *see also Che-sebro v. Powers*, 78 Mich. 472, 44 N.W. 290 (1889) ("Though the deed containing the defamatory words was executed more than two years before commencement of the

action, as defendants continued their claim to the premises up to within a few months thereof, plaintiff's action is not barred"); *New England Oil & Pipe Line Company v. Rogers,* 154 Okla. 285, 7 P.2d 638 (1931) ("Where the slander complained of consists of a continued claim of rights in plaintiff's property by defendant, the statute of limitations does not commence to run until defendant ceases to set up his adverse claims."); *Green v. Chamberlain,* 60 So.2d 120, 124 (La.Ct.App.1952)("[W]e are of the opinion that the slander was not committed by the mere recordation of the lease but is being committed by the continued existence of the lease on record together with the acceptance of rentals by the lessor."). Therefore, the Amended Complaint sets forth on its face the facts necessary to conclude that plaintiff's claims are not barred by the statute of limitations.

## IV. CONCLUSION

Defendant's Motion to Strike is **DENIED.** This Court's previous Order proscribed a fifteen day deadline to file the Amended Complaint, to which three additional days to respond were added pursuant to the Federal Rules of Civil Procedure and the Local Rules. Plaintiff's Amended Complaint was timely filed within eighteen days of the Court's Order.

Defendant's alternative Motion to Dismiss is **GRANTED–IN–PART** and **DENIED–IN–PART.** Plaintiff's Amended Complaint pleads sufficient facts to establish that she may be entitled to relief under tort law for Defendant's failure to comply with Virginia's requisite notice of foreclosure sale statute. The advertent failure to comply with notice requirement claim, while misidentified as a cause of action for wrongful foreclosure, may be liberally construed as a statutory violation that entitles Plaintiff to relief under some other tort law theory. The Motion to Dismiss Count I of the Amended Complaint,

the wrongful foreclosure and failure to provide required notice claim, is **GRANTED WITHOUT PREJUDICE.** The Plaintiff is **GRANTED** leave to amend her Complaint to properly state any cause of action she may have in tort law within fourteen (14) days of the date this order is electronically entered.

Defendant's Motion to Dismiss Count II of the Amended Complaint, the slander of title claim, is **DENIED.** The slander of title claim is not time barred because the two-year limitations period did not begin to run until March 26, 2013, when the foreclosure sale occurred and Defendant ceased to assert its rights to the Property under the allegedly fraudulent Deed of Trust.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**